PAINE v. AGRICULTURAL INSURANCE COMPANY.

*Insurance — Fire policy — condition as to occupation — Occupation — what is.*

A policy of insurance against fire upon a dwelling-house contained a provision that if the house should be "left unoccupied *without giving immediate* notice to the company the policy shall cease and be of no force or effect." *Held*, that the absence of the one who resided in the house, without notice to the company, for six weeks, although he frequently returned and looked after the house and the property therein, would avoid the policy.

Occupation of a dwelling-house is living in it, not mere supervision over it, and while a person need not live in it every moment there must not be a cessation of occupancy for any considerable portion of time.

APPEAL by defendant from a judgment in favor of plaintiff entered upon the report of a referee.

The action was brought by Reuben E. Paine to recover the amount of loss upon a policy of insurance against fire issued by defendant. The facts sufficiently appear in the opinion.

*Starbuck & Sawyer*, for appellant.

*Graves & Pitts*, for respondent.

MULLIN, P. J. The plaintiff brings this action to recover the value of his dwelling-house and personal property therein insured by the defendant for the term of three years, from the 28th of October, 1870, by a policy bearing date that day, said building and property having been destroyed by fire on the 30th of March, 1871. The policy contained, among other conditions, the following: "That in case the premises shall be sold or contracted to be sold, and possession given, or the house left unoccupied without giving immediate notice to the company, the policy shall cease and be of no force or effect."

The referee, before whom the issues were tried, found that the plaintiff and his wife separated on or about the 1st of September, 1870, plaintiff's wife returning to the home of her parents, where she has ever since continued to reside; that plaintiff continued to reside in the dwelling-house covered by said policy of insurance, until on or about the 15th of January, 1871, at which time said

plaintiff, who was in ill health, went to the house of his son in Albion, a point twelve miles distant from said dwelling-house, for the purpose of receiving medical care and attendance, and continued to board with such son until the 30th of March, 1871, at which time said dwelling-house and contents were destroyed by fire; that from the 15th of January, 1871, until the happening of such fire said dwelling-house was not inhabited by any human being, except upon one occasion when plaintiff remained in the house over night; that at the time plaintiff went to Albion, as aforesaid, he left all his household goods and effects in said dwelling-house in the same condition as when he occupied it, in which condition the same remained at the time of such fire. That from the 15th of January, 1871, to the 30th of March, 1871, plaintiff visited said dwelling-house upon different occasions and maintained a general oversight over the property therein contained.

The referee further found that plaintiff never gave any notice, written or otherwise, to said defendant; that he had ceased to occupy said dwelling-house daily, or that he was spending any portion of his time in any other place.

The referee ordered judgment in favor of the plaintiff for the value of the dwelling-house and other property destroyed.

The only question presented by the appeal is whether the plaintiff ceased to occupy the dwelling-house within the true intent and meaning of the policy, so that it became void and no longer binding on the defendant. The insurer, when it provided in the policy that it should become void when the dwelling-house was no longer occupied, understood that the risks insured against were lessened when the building was occupied, and that when it ceased to be occupied the risk was so largely increased as to render it no longer safe to insure unless it had immediate notice, so that it might, if it saw fit, annul the policy, unless a higher rate of premium was paid, or itself provide for guarding against a fire and extinguishing it, should it occur.

" Occupation " of a dwelling-house is living in it, not mere supervision over it. It is not necessary that some person should live in it every moment during the life of a policy containing such a provision as is contained in the policy before us, but there must not be a cessation of occupancy for any considerable portion of time.

For what length of time it may remain unoccupied will depend upon the circumstances of each case, and the jury or the referee

must determine the question in view of the consideration that led to the incorporation of the provision into the policy, and the necessity that not unfrequently arises for persons insured to leave temporarily their dwelling-houses.

As the policy requires *immediate* notice of the cessation of occupancy, the abandonment of the premises must be very short indeed, that will not work a forfeiture of it. Constant occupancy is required by the insurer because the danger of fire is believed to be lessened, and if it should happen, the probability of its extinguishment before serious injury is done is materially increased. While the plaintiff was at his son's in Albion during six weeks, the increased hazard was imposed upon the insurer without its knowledge, and in palpable violation of the terms of the contract between the parties. It would be the grossest injustice to the insurer to give to the clause in question a construction such as is contended for by the plaintiff's counsel.

The finding of the referee is against the evidence and cannot be sustained. The following authorities are relied upon as supporting the conclusion at which we have arrived : *Western* v. *City Fire Ins. Co.,* 15 Wis. 138; *Harrison* v. *City Fire Ins. Co.,* 9 Allen, 231; *Keith* v. *Quincy Mut. Fire Ins. Co.,* 10 id. 228.

The judgment is reversed and a new trial ordered before another referee, costs to abide the event.

*Judgment reversed and new trial ordered.*